IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| RANDALL H. STARK § | |
| d/b/a § | |
| The Stark Group, L.L.C. § | |
| § | 1:07-CV-510 |
| V. § | |
| § | |
| HARRISON VICKERS § | |

MEMORANDUM OPINION RE ORDER TO TRANSFER VENUE

This memorandum states the court's reasons for ordering a change of venue to the United States district court for the southern district of Texas.

I. BACKGROUND

Nearly eight years ago, Stark sued Vickers and three other individuals in the 163rd Judicial District Court, Orange County, Texas.[1]  Stark asserted causes of action under Texas law for breach of contract, intentional interference with contract, and breach of fiduciary duty.  The three defendants other than Vickers settled and were dismissed, or were severed.

---

[1]  Stark's original petition was filed on August 22, 2000.  An amended petition followed on January 28, 2003.

The action against Vickers remained pending and unresolved as of October 3, 2006, when Vickers filed for bankruptcy in the United States Bankruptcy Court in the Southern District of Texas.  <u>See</u> Chapter 13 Voluntary Pet., No. 06-35390 (Bankr. S.D. Tex. Oct. 13, 2006) (Docket No. 1).  The filing of that petition triggered an automatic stay of the civil action pending in the 163rd District Court of Orange County, Texas.  <u>See</u> 11 U.S.C. § 362(a).

On June 20, 2007, the bankruptcy judge for the southern district of Texas partially lifted the automatic stay to allow the Orange County civil action to proceed. However, the bankruptcy judge retained jurisdiction, and ordered that if Stark were to prevail, there could be "no collection of monies from Harrison E. Vickers, Debtor, by any parties involved in the state court proceeding, on any ruling rendered by the state court, without further order of this court."  Order, No. 06-35390 (Bankr. S.D. Tex. June 20, 2007) (Docket No. 87).

One month later, on July 20, 2007, Vickers filed a notice of removal to this court, invoking this court's subject-matter jurisdiction over matters related to bankruptcy proceedings.  Simultaneously, Vickers moved for a transfer of venue to the southern district of Texas under 28 U.S.C. § 1404 for the convenience of parties and witnesses, and in the interests of justice.

Stark responded by promptly moving to remand this action to the state court where it originally was filed.  Stark advocates remand on two grounds: (1) untimeliness of the removal notice and (2) lack of subject-matter jurisdiction.  Regarding the latter, Stark argues that this court lacks original jurisdiction because the parties are not diverse in citizenship; the causes of action asserted against Vickers do not involve federal questions; and the civil case neither arises out of bankruptcy proceedings nor is it related thereto.

Upon removal of the action to this court, the matter was assigned to Chief United States District Judge Thad Heartfield.  Pursuant to General Order 05-07 (relating to *pro se*, non-prisoner civil actions) the case was automatically referred to the undersigned United States magistrate judge.

## II.  Discussion

Under general federal removal principles, Stark's arguments would prevail, and the case would be remanded.  Ordinarily, a removal notice must be filed within thirty days after defendant is served with notice of suit, and in no event later than one year after suit is filed.  See 28 U.S.C. § 1446(b).  Vickers's removal notice was not filed until nearly *seven years* after suit was filed.  Similarly, for removal to be proper, the case must be one in which the action might have been brought originally in federal court.  Since Stark and Vickers are both Texas residents embroiled in a civil action

exclusively governed by Texas law, there normally would be no basis for federal subject-matter jurisdiction.

A specialized federal removal statute, however, permits any civil action related to bankruptcy cases to be removed to federal court.  28 U.S.C. § 1452.  In such an instance, removal is timely when a notice thereof is filed within thirty days after entry of an order terminating an automatic stay under section 362.  FED. R. BANKR. P. 9027(a)(2).  Here, Vickers removed this case to federal court under the related-to-bankruptcy category, and did so within thirty days after the bankruptcy judge terminated the stay.  Thus, the court has no basis for remanding this action due to untimeliness in removal unless this action fails to fall within the scope of subject-matter jurisdiction under section 1334(b).

Accordingly, this court must decide next whether this civil action is related to the bankruptcy proceeding.  Generally, a proceeding is "related to" a bankruptcy proceeding if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy."[2]  It seems self-evident that this action conceivably could have an effect on the estate administered in bankruptcy.  Other-

---

[2]   Wood v. Wood (In re Wood), 825 F.2d 90, 93 (5th Cir. 1987) (citations omitted); see also Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.6 (1995) (noting that the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits have adopted this test, which originated in Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984)).  "The key word in the . . . Pacor test is 'conceivable,' which makes the jurisdictional grant extremely broad."  In re Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999).

wise, the bankruptcy judge would have lifted the stay absolutely instead of requiring Stark to return to bankruptcy court to enforce or collect any judgment obtained herein.  Thus, Stark successfully invokes the court's original subject-matter jurisdiction over bankruptcy cases and proceedings under 28 U.S.C. § 1334, and there is no basis for the court to remand based on a jurisdictional deficiency.

Notwithstanding that removal was proper, the bankruptcy removal statute permits the court to which an action is removed to remand "on any equitable ground."  28 U.S.C. § 1452(b).  Moreover, a federal court always has discretion to transfer venue of any pending civil action to another district "in the interest of justice."  28 U.S.C. § 1404(a).  The court may transfer venue *sua sponte*.  Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989).  Thus, this court may remand, as requested by Stark, or transfer venue, as suggested by Vickers.

When the bankruptcy judge entered her order partially lifting the automatic stay, the proceeding was an individual debt adjustment action under Chapter 13 of the Bankruptcy Code.  11 U.S.C. ch. 13.  Clearly, the principal reason for lifting the stay in that type of proceeding was to provide a mechanism by which Stark could liquidate the amount of his claim against Vickers, and, as the stay order implicitly recognizes, liquidation of a claim asserted against a bankruptcy estate does not necessarily compel a conclusion that resolution must occur in bankruptcy court.  If

that rationale remains fully intact, remand could be equitable as the state court clearly is competent and well-situated to adjudicate the merits of Stark's causes of action against Vickers.

However, circumstances prevailing when the stay partially was lifted have changed significantly. The bankruptcy clerk's docket reflects that *after* the court partially lifted the automatic stay under section 362, Vickers voluntarily converted the bankruptcy action to a liquidation proceeding under Chapter 7 of the Code.³ 11 U.S.C. ch. 7. Thus, the bankruptcy court is now likely to be presented not only with the issue of the validity and amount of that claim, but also with the *dischargeability* of Vickers's debt. The bankruptcy court may no longer desire that Stark's civil action proceed in state court. This may alter the balance of equitable factors, and counsel against remand.

The bankruptcy court is best-positioned to weigh all equitable factors, including whether the expertise of a federal bankruptcy court is particularly needed under these facts, and to determine whether to remand or entertain the action on the merits.⁴ Accordingly, this is an instance in which interests of justice require the court

---

³ See Notice of Conversion of Case Under Chapter 7, No. 06-35390 (Bankr. S.D. Tex. February 18, 2008) (Docket No. 87)).

⁴ When Congress enacted the Bankruptcy Reform Act of 1978, and subsequently the Bankruptcy Amendment Act of 1984, "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate . . . ." Celotex Corp., 514 U.S. at 308 (quoting Pacor, Inc., 743 F.2d at 984).

to transfer venue so that the bankruptcy court can exercise informed discretion. An order transferring this action to the southern district of Texas for referral to the United States Bankruptcy Court, Houston Division, will be entered separately.

SIGNED this __27__ day of March, 2008.

_____
Earl S. Hines
United States Magistrate Judge